1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10   SIALEI SEIULI,                    )   Case No. ED CV 08-1700-PJW
                                       )
11          Plaintiff,                 )
                                       )   MEMORANDUM OPINION AND ORDER
12      v.                             )
                                       )
13   MICHAEL J. ASTRUE,                )
     Commissioner of the              )
14   Social Security Administration,  )
                                       )
15          Defendant.                 )
                                       )
16   _____)

17                          I. INTRODUCTION

18        Before the Court is Plaintiff's appeal of a decision by Defendant

19   Social Security Administration ("the Agency"), denying her

20   applications for Disability Insurance benefits ("DIB") and

21   Supplemental Security Income ("SSI").  Plaintiff claims that the

22   Administrative Law Judge ("ALJ") erred when he: 1) failed to consider

23   a treating doctor's statement that she needed a disabled placard for

24   her car; 2) found that her hypertension was controlled with

25   medication; 3) failed to consider the dosage of her prescribed

26   medication; and 4) failed to properly consider whether she met or

27   equaled Listing 1.02.  (Joint Stip. at 3-4, 7-8, 9-10, 11-15.)

28

Because the Agency's decision that Plaintiff was not disabled is
supported by substantial evidence, it is affirmed.

## II. SUMMARY OF PROCEEDINGS

Plaintiff applied for DIB and SSI on April 7, 2006, alleging that
she had been unable to work since November 30, 2005, because of
arthritis in her knees and ankle, and a left ankle fracture that she
suffered in a fall in October 2005.  (Administrative Record ("AR") 39,
97.)  The Agency denied the application initially and on reconsidera-
tion.  (AR 35-42, 47-52.)  Plaintiff then requested and was granted a
hearing before an ALJ.  (AR 54, 62-66.)  Plaintiff appeared with
counsel and testified at the hearing on February 5, 2008.  (AR 15-34.)
On March 4, 2008, the ALJ issued a decision denying benefits.  (AR 8-
14.)  Plaintiff appealed to the Appeals Council, which denied review.
(AR 1-4.)  Plaintiff then commenced the instant action.

## III. DISCUSSION

1. <u>The Treating Doctor's Opinion</u>

In her first claim of error, Plaintiff contends that the ALJ
erred in failing to properly consider a May 24, 2006 chart note by her
treating doctor Edward Keiderling.  In the note, Dr. Keiderling
reported that he had filled out a form for Plaintiff to obtain a
temporary disability placard from DMV, and that he intended to fill
out a disability form to place Plaintiff on disability for four
months.  (AR 208.)  Plaintiff argues that, though the ALJ referred to
this statement in his decision, he did not explain whether he accepted
or rejected this "opinion" that she was disabled.  (Joint Stip. at 3-
4.)  For the following reasons, the Court finds that this claim does
not warrant remand or reversal.

2

1    Dr. Keiderling's chart note from May 2006 was almost two years
2    old when the ALJ decided in March 2008 that Plaintiff was not
3    disabled.  Accepting as true Dr. Keiderling's "opinion" that Plaintiff
4    was disabled and needed a DMV placard for four months (i.e., until
5    September 2006), it would still not have affected the ALJ's conclusion
6    that Plaintiff was not disabled in March 2008.

7    Furthermore, though, in general, a treating doctor's opinion is
8    entitled to deference, *see Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.
9    2007), a treating doctor's opinion regarding the ultimate issue of
10   disability is not entitled to any special weight.  *Batson v. Comm'r of*
11   *Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) ("[A] treating
12   physician's opinion is . . . not binding on an ALJ with respect to the
13   . . . ultimate determination of disability."); 20 C.F.R.
14   § 404.1527(e)(3); *see also* Social Security Ruling ("SSR") 96-5p
15   (stating that opinion that claimant is disabled, "even when offered by
16   a treating source, can never be entitled to controlling weight or
17   given special significance").  This is particularly true where, as
18   here, the doctor's opinion was based in large measure on Plaintiff's
19   reports to him of her subjective complaints and the ALJ found that she
20   was not credible.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th
21   Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is
22   based to a large extent on a claimant's self-reports that have been
23   properly discounted as incredible.") (quotation omitted).

24   Assuming Plaintiff is right and Dr. Keiderling's May 2006 chart
25   note constitutes an opinion that Plaintiff was disabled, that opinion
26   is not entitled to any weight and, therefore, any error on the ALJ's
27   part in failing to discuss it further was harmless.  *See Stout v.*
28   *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)

3

1  (holding error harmless where it is "inconsequential to the ultimate

2  nondisability determination.").

3      In light of the ALJ's discussion of the record, Plaintiff's claim

4  that the ALJ was obligated to state whether he accepted or rejected

5  Dr. Keiderling's May 24, 2006 opinion is meritless.  In determining

6  that Plaintiff's osteoarthritis and obesity constituted severe

7  impairments (AR 10), the ALJ evidently accepted the treating doctor's

8  diagnosis.  As for Plaintiff's subjective complaints noted by Dr.

9  Keiderling, the ALJ found that Plaintiff was not credible.  (AR 11-

10  12.)  And Plaintiff has not challenged the credibility finding.  Thus,

11  the doctor's opinion, which is based in large measure on Plaintiff's

12  statements, is not entitled to great weight.  *See Tommasetti*, 533 F.3d

13  at 1041.

14      Because the ALJ adequately addressed the medical evidence and

15  supported his conclusions, he did not err by failing to specifically

16  discuss the fact that Dr. Keiderling helped Plaintiff obtain a

17  disabled placard from DMV or that he put her on disability for four

18  months.  Thus, this claim does not warrant remand or reversal.

19      2.  Plaintiff's Hypertension

20      In her second claim of error, Plaintiff contends that the ALJ

21  misrepresented the record regarding her hypertension so that he could

22  ultimately conclude that it did not cause her significant problems.

23  Plaintiff argues that the record actually shows that her blood

24  pressure was very high but that the ALJ relied on an a random normal

25  reading to support his finding that it was under control.  (Joint

26  Stip. at 7-8.)  For the following reasons, the Court disagrees.

27      The ALJ found that Plaintiff's hypertension was controlled by

28  medication and that it had not caused significant problems for

4

Plaintiff.  (AR 12.)  In support of this finding, he referenced a chart note from December 2007 in which Plaintiff's blood pressure was recorded at 132/90.  (AR 12, 222.)  As Plaintiff points out, however, her blood pressure was recorded at 140/80 three days later.  (AR 221.) And a fair reading of the record demonstrates that it had regularly been measured as relatively high throughout the period in issue.  (AR 226, 228, 229, 235.)  The ALJ should have discussed the other readings, showing that Plaintiff's blood pressure was high, as well as the one showing that it was low, and explained how his conclusion that Plaintiff's blood pressure was under control was supported by the evidence.  *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (holding ALJ cannot selectively parse record and focus only on evidence that supports his conclusion).

Here again, however, though Plaintiff has pointed out that the ALJ erred, she has not shown that that error calls into question the ALJ's ultimate conclusion that Plaintiff was not disabled.  Plaintiff has not shown that the ALJ's other finding--that there was no indication that Plaintiff's high blood pressure had caused her significant problems--was erroneous.  Nor has she attempted to show how her high blood pressure prevented her from working.  Instead, she argues that, because high blood pressure carries a greater risk of heart disease *in general*, the ALJ's decision must be reversed.  (Joint Stip. at 7-8.)  This argument is rejected.  Though Plaintiff may have a greater than normal risk of developing heart disease as a result of her high blood pressure--something that the record in this case does not establish--she has not shown that such risk limits her ability to work.  Because Plaintiff had the burden of proving that her condition is disabling, *see Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.

1  1999) (noting that the burden of proof is on the claimant as to steps
2  one to four of the five-step sequential analysis), the ALJ's finding
3  that her hypertension was controlled with medication, assuming there
4  was error, does not require reversal.

5          3.   Plaintiff's Prescribed Medications

6          In her third claim of error, Plaintiff contends that the ALJ
7  erred when he failed to consider the dosage of her prescription
8  medication.  Plaintiff cites one clinic note, dated December 12, 2007,
9  which refers to a prescription for Vicodin that reads: "r.f. Vicodin
10 5/500 poQn-BID 45 prn." (Joint Stip. at 9; AR 221.)  Plaintiff does
11 not explain how this notation supports her argument.  Instead, she
12 argues that SSR 96-7p specifically requires an ALJ to consider a
13 claimant's prescription medication dosage, and that the ALJ's failure
14 to do so in this case requires reversal.  (Joint Stip. at 9-10.)
15 Plaintiff also appears to argue that the ALJ improperly disregarded
16 her testimony regarding the side effects of her medication.  (Joint
17 Stip. at 10.)  For the following reasons, the Court disagrees.

18         Plaintiff has not shown that the ALJ failed to consider her
19 medication dosage.  In his decision, the ALJ noted that Plaintiff took
20 pain medications, including Tylenol, Vicodin, Motrin, and Ultram.  (AR
21 12, 13.)  Plaintiff did not testify that these medications caused her
22 side effects.  In several reports that she submitted, she reported
23 that pain killers sometimes made her feel dizzy.  (AR 112, 121, 132.)
24 At the hearing, however, she testified that the only thing that kept
25 her from working was the pain and swelling in her feet.  (AR 23.)  She
26 then testified that she took medications to manage her pain, including
27 Vicodin, which sometimes worked, and sometimes did not.  (AR 24.)  She
28 did not mention any side effects, however.  Given the dearth of

1  evidence in the record regarding side effects and her failure to raise
2  the issue at the hearing, the ALJ did not err in failing to further
3  address this issue in his decision.

4       Finally, even if Plaintiff had testified that her medications
5  were causing side effects that interfered with her ability to work,
6  the ALJ would have been justified in rejecting that testimony because
7  there was no objective medical evidence supporting the claimed side
8  effects and the ALJ found that Plaintiff was not credible, a finding
9  Plaintiff has not challenged here. *See Thomas v. Barnhart*, 278 F.3d
10 947, 960 (9th Cir. 2002) (affirming ALJ's exclusion of claimant's side
11 effects testimony where the ALJ properly found her testimony was
12 generally not credible).  For these reasons, this claim is rejected.

13          4.   Listing 1.02

14       In her fourth claim of error, Plaintiff contends that the ALJ
15 erred by failing to adequately consider whether her combination of
16 impairments met or equaled Listing 1.02.  She argues that the medical
17 record shows that she is unable to ambulate effectively on a sustained
18 basis, as required by Listing 1.02(A), and that other objective
19 medical findings in the record show that she meets or medically equals
20 the Listing.  (Joint Stip. at 11-15.)  The Court disagrees, for the
21 following reasons.

22       Listing 1.02, "Major dysfunction of a joint(s) (due to any
23 cause)," reads, in relevant part, as follows:

24       Characterized by gross anatomical deformity (e.g.
25       subluxation, contracture, bony or fibrous ankylosis,
26       instability) *and* chronic joint pain *and* stiffness with signs
27       of limitation of motion or other abnormal motion of the
28       affected joint(s), *and* findings on appropriate medically

                                 7

1  acceptable imaging of joint space narrowing, bony
2  destruction, or ankylosis of the affected joint(s).  *With*:
3        A.  Involvement of one major peripheral weight-
4        bearing joint (i.e. hip, knee, or ankle),
5        resulting in inability to ambulate effectively, as
6        defined in 1.00B2b[.][1]
7  20 C.F.R. § 404, Subpart P, App. 1, Listing 1.02A (emphases added).
8        The ALJ did not specifically discuss Listing 1.02 in his
9  decision.  He found only that Plaintiff did not have an "impairment or
10 combination of impairments that meets or medically equals one of the
11 listed impairments[.]"  (AR 10.)  In making this finding, the ALJ
12 evidently relied on the opinions of the examining orthopedist, who
13 determined that Plaintiff did not have any significant physical
14 impairments or functional limitations, and of the reviewing state
15 agency physicians, who concluded that she could do light work, as set
16 forth above.  (AR 12, 13, 184, 213-17.)  Because these opinions are
17 not contradicted by any evidence in the record, except perhaps for the

18 _____

19    [1]  1.00B2b(2) provides, in relevant part:

20        To ambulate effectively, individuals must be capable
21        of sustaining a reasonable walking pace over a
          sufficient distance to be able to carry out activities
22        of daily living . . .. [E]xamples of ineffective
          ambulation include, but are not limited to, the
23        inability to walk without the use of a walker, two
          crutches or two canes, the inability to walk a block
24        at a reasonable pace on rough or uneven surfaces, the
          inability to use standard public transportation, the
25        inability to carry out routine ambulatory activities,
          such as shopping and banking, and the inability to
26        climb a few steps at a reasonable pace with the use of
          a single hand rail.
27

28 20 C.F.R. § 404, Subpart P, App. 1, Listing 1.00(B)(2)(b)(2).

1    treating doctor's opinion that Plaintiff was disabled for four months
2    in 2006, they constitute substantial evidence to support the ALJ's
3    decision.  *See*, *e.g.*, *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.
4    1995) (holding that opinion of nontreating source that is based on
5    independent clinical findings may constitute substantial evidence to
6    support ALJ's decision).

7        In any event, Plaintiff has failed to establish that she meets or
8    equals the requirements of Listing 1.02.  As set forth above, the
9    Listing requires, among other things, that the claimant be unable to
10   ambulate effectively.  An inability to ambulate effectively, as
11   defined in the regulations, means "the inability to walk without the
12   use of a walker, two crutches or two canes . . . [or] the inability to
13   use standard public transportation, the inability to carry out routine
14   ambulatory activities, such as shopping and banking, and the inability
15   to climb a few steps at a reasonable pace with the use of a single
16   hand rail."  20 C.F.R. § 404, Subpart P, App. 1, Listing
17   1.00(B)(2)(b)(2).  Plaintiff has not shown that she meets this
18   standard.

19       Plaintiff testified that she uses a cane only twice a week and
20   only when she goes out, if the pain and swelling is "real bad[.]"  (AR
21   25.)  She also testified that she could walk to her car, drive without
22   difficulty, and "get a little bit of grocer[ies]."  (AR 28.)  Her
23   abilities, as she herself described them, contradict her claim that
24   she is unable to ambulate effectively.  Because Plaintiff did not meet
25   her burden of demonstrating that her condition met or equaled Listing
26   1.02, this claim does not require remand or reversal.

27
28

9

1

## IV.  CONCLUSION

2         For the foregoing reasons, the Agency's decision is affirmed and

3    the case is dismissed with prejudice.

4         IT IS SO ORDERED.

5         DATED:  <u>April 26, 2010.</u>

6

7                                    _____

8                                    PATRICK J. WALSH
                                     UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   S:\PJW\Cases-Soc Sec\Seiuli\Memo_Opinion.wpd